**MANDATE**

Nhct
01-CV-1251
Burns

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

Oct 20

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 11th day of September, two thousand three.

Present:   HON. RALPH K. WINTER,
           HON. GUIDO CALABRESI
           HON. ROBERT A. KATZMANN,
                                    *Circuit Judges.*



LYNN PERREAULT-OSBORNE, individually and
as the Mother and next friend of her minor son,
DALTON PERREAULT-OSBORNE

                    *Plaintiff-Appellant,*
                                                No. 02-9408
           - v -

NEW MILFORD BOARD OF EDUCATION,
RAYMOND AVERY,

                    *Defendant-Appellees,*

THEODORE S. SERGI and CONNECTICUT
DEPARTMENT OF EDUCATION,

                    *Defendants.*

-1-

ISSUED AS MANDATE: 10/2/03

| | |
|---|---|
| Appearing For Plaintiff-Appellant: | DEBORAH G. STEVENSON, Southbury, CT |
| Appearing For Defendant-Appellee: | MICHAEL P. MCKEON, Sullivan, Schoen, Campane & Connon, LLC, Hartford, CT |

Appeal from the United States District Court for the District of Connecticut (Burns, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Lynn Perreault-Osborne ("Perreault-Osborne") brought this complaint individually and on behalf of her son, Dalton Perreault-Osborne ("Dalton"), pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400–1487 ("IDEA"), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, seeking review of various decisions that Defendant-Appellee New Milford Board of Education had made concerning Dalton's education. After conducting an extensive hearing, the district court denied Perreault-Osborne's motion for an injunction and granted Defendants' motion to dismiss in a Ruling dated August 29, 2002, concluding that it lacked subject matter jurisdiction because Perreault-Osborne had failed to exhaust all administrative remedies.

When reviewing a district court's decision as to whether it has subject matter jurisdiction this Court reviews legal conclusions *de novo*, and factual findings for plain error. *Polera v. Bd. of Educ.*, 288 F.3d 478, 481 (2d Cir. 2002).

It is well-established that an IDEA plaintiff must exhaust all administrative remedies before a federal court may hear her suit. *Polera*, 288 F.3d at 483 (citing 20 U.S.C. § 1415(*l*)); *Hope v. Cortines*, 69 F.3d 687, 688 (2d Cir. 1995). We agree with the district court that Perreault-Osborne's claims were not properly exhausted, and that they must be dismissed, with

-2-

two significant exceptions. First, we believe that Perreault-Osborne's claim that Dalton was improperly exited from special education after a meeting on April 28, 2000, was placed before an administrative hearing officer and thus exhausted for jurisdictional purposes. *See* Final Decision and Order of Hearing Officer Patricia M. Strong, May 18, 2001, at 7 ("Strong Dec.").

The district court went beyond its jurisdictional determination, however, and made findings of fact based on evidence and testimony received during the hearing. Because we may affirm the district court on any basis supported by the record, *Cephas v. Nash*, 328 F.3d 98, 100 (2d Cir. 2003), we look beyond the jurisdictional issue to see if the district court made findings that go to the merits of the exhausted claim.

After reviewing the record as a whole, we conclude both that the district court made an independent finding of fact that Perreault-Osborne had consented to Dalton's exit from special education at the April 28 meeting and that this finding is not clearly erroneous. Accordingly, we affirm this aspect of the district court's ruling.

Second, we also believe that Perreault-Osborne's claim that the Board was obligated to pay for an expert of her choice at the outset of the reassessment process was exhausted. *See* Strong Dec. at 7. Although we think this claim is likely meritless, we need not decide it because Perreault-Osborne has failed to raise it on appeal, and we accordingly deem it waived. *See* FED. R. APP. P. 28(a)(9); *Beatty v. United States*, 293 F.3d 627, 632 (2d Cir. 2002); *LoSacco v. City of Middleton*, 71 F.3d 88, 92–93 (2d Cir. 1995).

The district court, which had extensive opportunity to receive and review evidence in this matter, concluded that "it is this Court's opinion that Dalton should be returned to school." Dist. Ct. Op. at 16. We agree.

-3-

We have considered all of appellant's arguments, and find them to be meritless. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
ROSEANN B. MacKECHNIE, CLERK
By:

*Oliva M. George*
Oliva M. George, Deputy Clerk

-4-

A TRUE COPY
Roseann B. MacKechnie, CLERK
by: _____
DEPUTY CLERK